IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ADAM TOBIA,

          Plaintiff,

v.                                     Civil Action No. 5:16CV187
                                                           (STAMP)
TERRENCE LOVELAND,

          Defendant.


                 MEMORANDUM OPINION AND ORDER
       DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT

                         I.  Background

     On  February  27,  2017,  defendant  Terrance  Loveland
("Loveland"), by counsel, filed a motion to dismiss the complaint
in the above-styled civil action.  ECF No. 4.  The above-styled
civil action was filed subsequent to a related civil action also
pending before this Court.  The first civil action, B and B Welding
and Fabricating, Inc. v. Tobia, Civil Action No. 5:16CV41, was
commenced when B and B Welding and Fabricating, LLC ("B and B")
requested  relief  against  Adam  Tobia  ("Tobia")  in  the  form  of
declaratory judgment.  B and B performs construction services for
the  oil  and  gas  industry,  and  Tobia  is  a  former  employee  of
B and B.  Tobia alleges that he had an employment contract with
B and B, and B and B claims that Tobia was employed on an at-will
basis.

     Tobia then filed a third-party complaint against Loveland, the
chief executive officer and president of B and B.  The third-party

complaint alleged that Loveland fraudulently induced Tobia to work for B and B by leading him to believe an employment contract had been executed.  Loveland then filed a motion to dismiss Tobia's third-party complaint.  After oral argument on the motion to dismiss the third-party complaint, Tobia determined that his claim against Loveland was not derivative under Federal Rule of Civil Procedure 14 and chose to proceed with an independent claim against Loveland.  Thus, the Court granted the motion to dismiss the third-party complaint, and Tobia filed this second civil action, <u>Tobia v. Loveland</u>, Civil Action No. 5:16CV187, which asserts Tobia's fraudulent inducement claim against Loveland.

In Loveland's present motion to dismiss the complaint in this second civil action, Loveland argues that (1) Tobia fails to allege any facts that support a legally cognizable claim against the defendant and (2) the prior pending action doctrine compels that this action be dismissed.

First, Loveland argues that the alleged facts do not support a legally cognizable claim against him because a member of a Limited Liability Company ("LLC") is generally not liable for alleged wrongful conduct made in the course and scope of employment.  Loveland claims that Tobia's allegations against him are identical to Tobia's assertions against B and B in his counterclaim in the first civil action.  Thus, Loveland claims that, because he was acting as a member of B and B, there are no

facts giving rise to personal liability against him.  Loveland then asserts that Tobia's complaint fails to allege any facts in support of piercing B and B's corporate veil.

Second, Loveland argues that the prior pending action doctrine compels dismissal of this civil action because this civil action is duplicative of the claim already raised by Tobia in the first civil action.  Loveland asserts that the civil actions are duplicative because the controlling issue in both is whether Tobia was fraudulently induced by Loveland into believing a contract for employment had been finalized.  Loveland further claims that the two civil actions arise from the same transaction or occurrence and involve exactly the same subject matter.  Thus, Loveland asserts that, because this civil action was the later-filed suit, it should be dismissed under the prior pending action doctrine.

On March 13, 2017, Tobia, by counsel, filed a response to the motion.  ECF No. 6.  In his response, Tobia argues that the complaint ascribes specific, wrongful conduct to Loveland and does not allege that Loveland is liable solely because he is a member of the LLC.  Additionally, Tobia asserts that the prior pending action doctrine does not support the dismissal of this civil action because the first civil action does not include a claim against Loveland and Loveland cannot be joined in the first civil action.  Thus, Tobia claims that this second civil action cannot be dismissed because it involves different parties and a resolution of

the contract dispute in the first-filed case is not determinative of Tobia's fraudulent inducement claim against Loveland.  Lastly, Tobia represents that he has not stated a separate claim to pierce B and B's corporate veil but rather a distinct claim against a member of the LLC for that member's individual conduct.  Loveland did not file a reply to Tobia's response to the motion.

## II.  Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true.  Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009).  However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."  Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed.

1998).  The Rule 12(b)(6) motion also must be distinguished from a

motion for summary judgment under Federal Rule of Civil Procedure

56, which goes to the merits of the claim and is designed to test

whether there is a genuine issue of material fact.  Id.  For

purposes of the motion to dismiss, the complaint is construed in

the light most favorable to the party making the claim and

essentially the court's inquiry is directed to whether the

allegations constitute a statement of a claim under Federal Rule of

Civil Procedure 8(a).  Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough

facts to state a claim to relief that is plausible on is face.'"

Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial

plausibility is established once the factual content of a complaint

'allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.'"  Nemet Chevrolet,

591 F.3d at 256 (quoting Iqbal, 556 U.S. at 678).  Detailed factual

allegations are not required, but the facts alleged must be

sufficient "to raise a right to relief above the speculative

level."  Twombly, 550 U.S. at 555.

### III.  Discussion

This Court has construed the complaint in the light most

favorable to Tobia for the purposes of this motion to dismiss.  In

doing so, this Court finds that the complaint makes sufficient

factual allegations against Loveland in his individual capacity to survive the Rule 12(b)(6) motion to dismiss. The fraudulent inducement claim is legally cognizable against Loveland individually regardless of the fact that there is a separate pending action against B and B. "By proscribing liability on the <u>sole</u> basis of being a member or manager of an LLC, the [West Virginia] Legislature implicitly has left intact the prospect of an LLC member or manager being liable on grounds that are not based solely on a person's status as a member or manager of an LLC." <u>Kubican v. The Tavern, LLC</u>, 752 S.E.2d 299, 306 (W. Va. 2013) (construing W. Va. Code § 31B-3-303). The complaint alleges that, "[b]y his conduct, Loveland personally benefitted from the employment of Tobia under false pretenses." ECF No. 1 at ¶ 24. Without considering the merits of the allegations, this Court finds that the complaint states a claim to relief that is sufficient on its face, which is all that is required to survive a motion to dismiss under Rule 12(b)(6).

The Court also finds that the prior pending action doctrine does not compel dismissal of the present civil action. "Under the prior-pending-action doctrine, 'the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit.'" <u>Quality</u>

<u>One Wireless, LLC v. Goldie Grp., LLC</u>, 37 F. Supp. 3d 536, 540-41 (D. Mass. 2014).  As Tobia points out, the parties are not the same in the two civil actions and the determination of the first is not necessarily determinative of the second.  For example, a fact-finder could conclude that there was no fraudulent inducement by B and B in the first civil action but that there was fraudulent inducement by Loveland in the second civil action.  Thus, the prior pending action doctrine is not a basis for the dismissal of this civil action.

Furthermore, this Court finds that it would be premature to consider the issue of piercing the corporate veil at this point. Proving that it is proper to pierce the corporate veil requires discovery, and courts have found that it is premature to decide the issue even on a motion for summary judgment.  <u>See</u> <u>Laya v. Erin Homes, Inc.</u>, 352 S.E.2d 93, 102 (W. Va. 1986) ("[T]he propriety of piercing the corporate veil should rarely be determined upon a motion for summary judgment.  Instead, the propriety of piercing the corporate veil usually involves numerous questions of fact for the trier of the facts to determine upon all of the evidence.").  Thus, it would be especially premature to determine the propriety of piercing the corporate veil on a motion to dismiss the complaint.

## IV.  Conclusion

For the reasons set forth above, the defendant's motion to dismiss the complaint (ECF No. 4) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     May 15, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE